UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYPRIAN LUKE,<br><br>Plaintiff,<br><br>-against-<br><br>TOWN OF DOVER, NEW JERSEY; SERGEANT MICHAEL PIER; OFFICER ROBERT FENSKE; and OFFICER ILMI BOJKOVIC,<br><br>Defendants. | 21 CV _____<br><br>**COMPLAINT**<br><br>Plaintiff Demands Trial by Jury |

CYPRIAN LUKE, by and through his attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP and the Dwyer Law Firm, L.L.C., for his Complaint alleges as follows:

**INTRODUCTION**

1. No one should have to experience the horrific police abuse that Plaintiff Cyprian Luke experienced at the hands of Defendants Sergeant Pier, Officer Fenske, and Officer Bojkovic in the early morning of May 19, 2019.

2. Mr. Luke, then nineteen years old, was walking outside with his friends when Sergeant Pier aggressively approached him. Mr. Luke was frightened, and he tried to back away. But Sergeant Pier grabbed him, tackled him to the ground, and beat him up—for no reason at all.

3. While Mr. Luke was lying on the ground, his arms and legs pinned down by police officers, Sergeant Pier, Officer Fenske, and Officer Bojkovic punched Mr. Luke in the face four to five times, bloodying his face, injuring his jaw, and causing a concussion. In addition to punching Mr. Luke in the face and head multiple times, these officers also pepper-sprayed Mr. Luke in the face, kneed him in the stomach, and applied pressure to his throat, making it difficult for Mr. Luke to breathe.

4. If the Officers' conduct sounds baffling, it is. It would almost be unbelievable if the entire incident had not been captured by Mr. Luke's friend on camera. But the video shows exactly what this Complaint alleges: Sergeant Pier and Officer Fenske gruesomely assaulted Mr. Luke for several minutes while they and Officer Bojkovic held him on the ground, unable to even move, let alone pose any threat to anyone.

5. These Officers' assault of Mr. Luke is an example of police conduct at its worst. No one should be sadistically beaten by the police for no reason. Punches to one's face and placing pressure on one's throat are not legitimate tools for police officers to use when carrying out an arrest in any circumstance—let alone when the arrestee is restrained and doing nothing to resist. No one should have to fear the uniformed men and women designated to protect them. Sergeant Pier, Officer Fenske, Officer Bojkovic, and their employer, the Town of Dover, are liable to Mr. Luke for their unlawful conduct and the serious and lasting injuries they caused him. They must be held accountable for this flagrant abuse of their state-entrusted authority.

## PARTIES

6. Plaintiff Cyprian Luke is a citizen of the United States and at all relevant times was a resident of Morris County, New Jersey.

7. Defendant Sergeant Michael Pier is a police sergeant employed by Defendant Town of Dover's Police Department. At all relevant times, Defendant Pier was acting within the scope of his employment.

8. Defendant Officer Robert Fenske is a police officer employed by Defendant Town of Dover's Police Department. At all relevant times, Defendant Fenske was acting within the scope of his employment.

9. Defendant Ilmi Bojkovic is a police officer employed by Defendant Town of Dover's Police Department. At all relevant times, Defendant Bojkovic was acting within the scope of his employment.

10. Defendant Town of Dover is a municipal corporation of the State of New Jersey with offices at Town Hall, 37 N. Sussex Street, Dover, New Jersey 07801. At all relevant times, Town of Dover employed Defendants Pier, Fenske, and Bojkovic and operated the Town of Dover Police Department.

## JURISDICTION AND VENUE

11. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New Jersey state common law.

12. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

13. The acts complained of occurred in the District of New Jersey, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

14. On August 14, 2019, Mr. Luke completed and submitted a Notice of Claim to Defendant the Town of Dover. Exhibit A (Town of Dover Notice of Claim).

## JURY DEMAND

15. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

*Mr. Luke Is Unjustifiably Assaulted and Beaten*

16. Mr. Luke is a twenty-year-old young man. At the time of the incident he lived in Morristown, New Jersey with his mother and younger siblings.

17. During the early morning of May 19, 2019, Mr. Luke was out with friends in Dover, New Jersey. He was walking through a parking lot with several friends when he was approached by Sergeant Pier.

18. Sergeant Pier asked Mr. Luke if his name was "Luke," and Mr. Luke denied it.

19. Sergeant Pier told Mr. Luke that he knew "Luke" was his name and reached out to grab him.

20. Mr. Luke, afraid of the police from prior encounters, backed away from Sergeant Pier.

21. Sergeant Pier immediately turned violent and grabbed Mr. Luke by his shoulder and swung him around. While swinging Mr. Luke around, Sergeant Pier stuck out his foot to trip Mr. Luke and then slammed him into the ground, face-down. Mr. Luke chipped a tooth from the impact.

22. Sergeant Pier then pinned Mr. Luke to the ground and began to scream at him. Sergeant Pier repeatedly yelled at Mr. Luke to roll over and "stop resisting," even though Mr. Luke was not resisting and could not roll over because he was being held down.

23. Defendant Officer Robert Fenske and Defendant Officer Ilmi Bojkovic helped Sergeant Pier pin Mr. Luke to the ground.

24. At Sergeant Pier's direction, Officer Robert Fenske sprayed Mr. Luke with pepper spray directly in his face while the three officers held Mr. Luke down. When Mr. Luke tried to cover his eyes, the officers restrained him.

25. After several minutes, Sergeant Pier, Officer Fenske, and Officer Bojkovic turned Mr. Luke onto his back, still keeping him pinned to the ground.

26. Mr. Luke again tried to cover his face to wipe the pepper spray out of his eyes, but the other officers continued to pin his arms down at his sides.

27. Sergeant Pier then grabbed Mr. Luke by this throat and applied significant pressure, cutting off Mr. Luke's airway.  Mr. Luke felt like he could not breathe, and he began to turn purple.

28. Sergeant Pier continued to yell at Mr. Luke to "stop resisting," even though Mr. Luke was not resisting, was pinned down by his neck and arms, and could hardly breathe due to Sergeant Pier's pressure on his throat.

29. As Mr. Luke lay on the ground with pepper spray in his eyes and struggling to breathe, Sergeant Pier and Officer Fenske proceeded to punch Mr. Luke in the face approximately four or five times while all three officers continued to hold him down with their bodies.

30. Sergeant Pier, Officer Fenske and Officer Bojkovic also continued to lean their weight into Mr. Luke and apply pressure to his body and stomach, causing severe pain to his abdomen.

31. At no time did any of the three officers attempt to end the beating of Mr. Luke and proceed with their arrest.  They did not make any attempt to stop their fellow officers'—and particularly Sergeant Pier's—conduct, even though it was plainly an excessive use of force that was not warranted by any of Mr. Luke's conduct.

32. In fact, they all facilitated one another's conduct by helping to pin Mr. Luke to the ground while Sergeant Pier and Officer Fenske punched him the face and while Officer Fenske, on Sergeant Pier's order, sprayed pepper spray in his eyes.

33. Sergeant Pier, Officer Bojkovic, Officer Fenske, and others eventually pulled Mr. Luke up off the ground and dragged him to an ambulance. Mr. Luke was in so much pain from the pressure Defendants applied to his abdomen that it was difficult for him to walk. He was also having trouble seeing because of the pepper spray in his eyes.

34. The officers began to drag Mr. Luke to their patrol car but then realized they could not justify why he was so badly beaten. They began to discuss what to do amongst themselves and concluded that they "can't take him to jail looking like this."

35. Unable to take Mr. Luke to jail, the officers called an ambulance. When the ambulance arrived, they dragged Mr. Luke, who still could not see clearly and was concussed, across the street to put him in.

*Sergeant Pier's History of Use of Force*

36. This is not the first time that Sergeant Pier has used excessive force.

37. In 2015, Sergeant Pier was sued by another Dover resident, Christopher Kotz, for excessive force that caused permanent disfigurement to his face. The case settled.

38. In 2012, Pier was accused of killing an innocent civilian by ignoring a stop sign during a car chase.

39. According to public records, Sergeant Pier ranks fourth in the Dover police force for use-of-force incidents.

40. Despite his prominent history of violence, the Dover Police Department promoted Sergeant Pier from police officer to Detective in 2016, then again from Detective to Sergeant.

*Mr. Luke Suffers Significant and Lasting Damages*

41. Mr. Luke sustained significant and lasting physical and emotional injuries as a result of Defendants' unlawful conduct.

6

42. Sergeant Pier's and Officer Fenske's repeated punches to Mr. Luke's head caused him severe pain, swelling, and bruising on his face that lasted for days.

43. Sergeant Pier's and Officer Fenske's repeated punches to Mr. Luke's head exacerbated a prior medical issue in his eye, for which he had undergone surgery in 2017.  As a result of Defendants' conduct, Mr. Luke experiences sharp eye pain every day, especially when he is focusing.

44. Sergeant Pier's and Officer Fenske's repeated punches to Mr. Luke's head caused him a mild traumatic brain injury (MTBI), also known as a concussion.  Following the incident, Mr. Luke has experienced headaches, dizziness, light sensitivity, and light-headedness.  He has also experienced trouble concentrating.

45. Sergeant Pier's repeated punches to Mr. Luke's head caused him to experience jaw and tooth pain.

46. The pepper spray administered by Defendant Fenske caused Mr. Luke severe eye pain, discomfort, and burning, which lasted for days.  It was particularly uncomfortable for Mr. Luke to cry.

47. Sergeant Pier's assault of Mr. Luke also caused him pain in his hand and other lasting physical injuries.

48. Mr. Luke's emotional trauma from this incident cannot be overstated.  He feels like a different person.  He experiences paranoia, and he constantly fears the police and interacting with them.  When he sees the police or hears sirens, it triggers panic attacks: his heart races, he feels a tingling sensation throughout his body, and he becomes extremely anxious.  Mr. Luke also experiences panic attacks if he thinks about or recalls this unwarranted beating.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
(Against Sergeant Pier, Officer Fenske, and Officer Bojkovic)

49. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

50. By the above, and by using excessive force against Mr. Luke, assaulting him, unreasonably seizing and searching him, and failing to take steps to intercede and protect Mr. Luke from the above, Sergeant Pier, Officer Fenske, and Officer Bojkovic deprived Mr. Luke of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

51. Sergeant Pier, Officer Fenske, and Officer Bojkovic acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as police officers. Said acts by Sergeant Pier, Officer Fenske, and Officer Bojkovic were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and these Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages including physical and emotional pain and suffering.

**SECOND CAUSE OF ACTION**
Assault and Battery
(Against All Defendants)

53. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

54. Acting within the scope of their employment, Sergeant Pier, Officer Fenske, and Officer Bojkovic intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to Plaintiff, and such act(s) caused apprehension of such contact in Plaintiff.

55. Acting within the scope of their employment, Sergeant Pier, Officer Fenske, and Officer Bojkovic, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner, struck and seized Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to Plaintiff.

56. The Town of Dover, as the employer of Sergeant Pier, Officer Fenske, and Officer Bojkovic, is responsible for their wrongdoing under the doctrine of respondeat superior.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – Failure to Intervene
(Against Sergeant Pier, Officer Fenske, and Officer Bojkovic)

58. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. Uniformed officers employed by the Town of Dover have an affirmative duty to ensure the lawfulness of interactions between their fellow members of service and civilians, and to intervene when they observe another uniformed officer using excessive force against a civilian.

60. Sergeant Pier, Officer Fenske, and Officer Bojkovic were present and witnessed their fellow officers using excessive force against Plaintiff.

61. Sergeant Pier, Officer Fenske, and Officer Bojkovic each had a reasonable opportunity to intervene to prevent one another from using excessive force against Plaintiff.

62. Sergeant Pier, Officer Fenske, and Officer Bojkovic failed to take any action or make any effort to intervene or halt each other's unlawful actions and to protect Plaintiff.

63. The failure to intervene by Sergeant Pier, Officer Fenske, and Officer Bojkovic proximately caused the violation of Plaintiff's constitutional rights.

64. As a direct and proximate result of the failure to intervene by Sergeant Pier, Officer Fenske, and Officer Bojkovic, Plaintiff sustained the lasting physical, mental, and emotional injuries alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

    a. Compensatory damages in an amount to be determined at trial;

    b. Punitive damages;

    c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 14, 2021

                              EMERY CELLI BRINCKERHOFF
                              ABADY WARD & MAAZEL LLP

By: _____
       Earl S. Ward*
       David B. Berman*
       Vivake Prasad
       600 Fifth Avenue, 10th Floor
       New York, New York 10020
       (212) 763-5000

THE DWYER LAW FIRM, L.L.C.

By:   */s/ Andrew Dwyer*
      _____
      Andrew Dwyer (AD-7793)
      550 Broad Street, Suite 704
      Newark, NJ 07102

\* *Pro hac vice application forthcoming*