**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KING, MOENCH, HIRNIAK & MEHTA, LLP
Roman B. Hirniak, Esq.
Attorney Id. No. 018221995
51 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950-1254
973-998-6860
973-998-6863 (facsimile)
rbh@kmhmlawfirm.com
Attorneys for Defendants, Town of Dover, New Jersey, Sergeant
Michael Pier, Officer Robert Fenske and Officer Ilmi Bojkovic

| | |
|---|---|
| CYPRIAN LUKE, | Civil Action No. 2:21-CV-11233 |
| Plaintiff, | |
| vs. | |
| | **ANSWER TO COMPLAINT, SEPARATE DEFENSES, DEMAND FOR STATEMENT OF DAMAGES AND JURY DEMAND** |
| TOWN OF DOVER, NEW JERSEY; SERGEANT MICHAEL PIER; OFFICER ROBERT FENSKE and OFFICER ILMI BOJKOVIC, | |
| Defendants. | |

Defendants, Town of Dover, New Jersey, Sergeant Michael Pier, Officer Robert Fenske and Officer Ilmi Bojkovic (collectively referred to as "Defendants"), hereby submit their Answer to Plaintiff Cyprian Luke's Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied. Defendants hereby state as follows:

**INTRODUCTION**

1. Defendants deny the allegations of Paragraph 1 of the Plaintiff's Complaint.

1

2. Defendants deny the allegations of Paragraph 2 of the Plaintiff's Complaint.

3. Defendants deny the allegations of Paragraph 3 of the Plaintiff's Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Plaintiff's Complaint.

5. Defendants deny the allegations of Paragraph 5 of the Plaintiff's Complaint.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

## **PARTIES**

6. Defendants are unable to admit or deny the citizenship of the Plaintiff, as alleged in Paragraph 6 of the Complaint. Defendants admit that, upon information and belief, the Plaintiff is currently incarcerated in the State of New Jersey.

7. Defendants admit that Michael Pier was a sergeant with the Town of Dover Police Department as alleged in Paragraph 7 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and Plaintiff is left to his proofs, and/or no response is required as

the Paragraph contains legal conclusions and not allegations of operative fact.

8. Defendants admit that Robert Fenske was a police officer with the Town of Dover Police Department as alleged in Paragraph 8 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and Plaintiff is left to his proofs, and/or no response is required as the Paragraph contains legal conclusions and not allegations of operative fact.

9. Defendants admit that Ilmi Bojkovic was a police officer with the Town of Dover Police Department as alleged in Paragraph 9 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and Plaintiff is left to his proofs, and/or no response is required as the Paragraph contains legal conclusions and not allegations of operative fact.

10. Defendants admit that the Town of Dover is a municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey as alleged in Paragraph 10 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and Plaintiff is

left to his proofs, and/or no response is required as the Paragraph contains legal conclusions and not allegations of operative fact.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

### JURISDICTION AND VENUE

11. Defendants are unable to admit or deny the allegations of Paragraph 11 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

12. Defendants are unable to admit or deny the allegations of Paragraph 12 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

13. Defendants deny the allegations of Paragraph 13 of the Plaintiff's Complaint.

14. Defendants are unable to admit or deny the allegations of Paragraph 14 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

WHEREFORE, Defendants demand dismissal of Plaintiff's Amended Complaint with prejudice and an award of attorneys' fees and costs of suit.

### JURY DEMAND

15. Defendants are unable to admit or deny the allegations of Paragraph 15 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

WHEREFORE, Defendants demand dismissal of Plaintiff's Amended Complaint with prejudice and an award of attorneys' fees and costs of suit.

### FACTUAL ALLEGATIONS

16. Defendants are unable to admit or deny the allegations of Paragraph 16 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

17. Defendants are unable to admit or deny the allegations of Paragraph 17 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

18. Defendants are unable to admit or deny the allegations of Paragraph 18 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

19. Defendants deny the allegations of Paragraph 19 of the Plaintiff's Complaint.

20. Defendants are unable to admit or deny the allegations of Paragraph 20 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

21. Defendants deny the allegations of Paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Plaintiff's Complaint.

23. Defendants are unable to admit or deny the allegations of Paragraph 23 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

24. Defendants are unable to admit or deny the allegations of Paragraph 24 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

25. Defendants are unable to admit or deny the allegations of Paragraph 25 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

26. Defendants are unable to admit or deny the allegations of Paragraph 26 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

27. Defendants deny the allegations of Paragraph 27 of the Plaintiff's Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Plaintiff's Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Plaintiff's Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Plaintiff's Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Plaintiff's Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Plaintiff's Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Plaintiff's Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Plaintiff's Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Plaintiff's Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Plaintiff's Complaint.

37. Defendants are unable to admit or deny the allegations of Paragraph 37 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

38. Defendants are unable to admit or deny the allegations of Paragraph 38 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

39. Defendants are unable to admit or deny the allegations of Paragraph 39 of the Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon.

40. Defendants deny the allegations of Paragraph 40 of the Plaintiff's Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Plaintiff's Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Plaintiff's Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Plaintiff's Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Plaintiff's Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Plaintiff's Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Plaintiff's Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Plaintiff's Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Plaintiff's Complaint.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

## FIRST CAUSE OF ACTION

49. Defendants hereby repeat the above responses to the allegations of Plaintiff's Complaint, as if set forth at length herein.

50. Defendants deny the allegations of Paragraph 50 of the Plaintiff's Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Plaintiff's Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Plaintiff's Complaint, in that Plaintiff is not entitled to any damages.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

53. Defendants hereby repeat the above responses to the allegations of Plaintiff's Complaint, as if set forth at length herein.

54. Defendants deny the allegations of Paragraph 54 of the Plaintiff's Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Plaintiff's Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Plaintiff's Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Plaintiff's Complaint, in that Plaintiff is not entitled to any damages.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

58. Defendants hereby repeat the above responses to the allegations of Plaintiff's Complaint, as if set forth at length herein.

59. Defendants are unable to admit or deny the allegations of Paragraph 59 of Plaintiff's Complaint as Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and Plaintiff is left to his proofs thereon. Furthermore, no response is required as the Paragraph contains legal conclusions and not allegations of operative fact.

60. Defendants deny the allegations of Paragraph 60 of the Plaintiff's Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Plaintiff's Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Plaintiff's Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Plaintiff's Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Plaintiff's Complaint, in that the Plaintiff is not entitled to any damages.

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs of suit.

## SEPARATE DEFENSES

1. Defendants assert all privileges and immunities as provided in the New Jersey Tort Claims Act, N.J.S.A. 59:9-1, et seq.

2. The Complaint fails to state a claim upon which relief can be granted.

3. At all times relevant hereto, Defendants have acted in good faith and without fraud or malice.

4. Defendants have not deprived Plaintiff of any right, privilege, or immunity secured to him by the United States Constitution or any Act of Congress or the Legislature of the State of New Jersey.

5. Defendants have not deprived Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

6.   Defendants are immune from suit based upon the doctrine of sovereign immunity.

7.   At all relevant times, Defendants were employees of municipal bodies of the State of New Jersey and at all relevant times were performing acts within the scope of their official duties in good faith and without fraud or malice, and are immune from any liability sought to be imposed upon them based on the doctrine of qualified immunity.

8.   The theory of respondeat superior cannot be used in 42 U.S.C. § 1983 actions, or like State actions.

9.   This suit is barred by the Eleventh Amendment and like State Constitutional authority.

10.  The Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

11.  Recovery is barred in this action by reason of the applicable statutes of limitation.

12.  Defendants are not guilty of negligence and violated no duty to Plaintiff.

13.  Negligence, if any, on the part of Defendants, is not the proximate cause of any injuries that Plaintiff may have sustained.

14.  Damages, if any, were the result of Plaintiff's own actions and/or inactions.

15.   Damages, if any, sustained by Plaintiff, were the result of actions of persons and/or entities over whom Defendants had no control.

16.   Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

17.   Neither the State, its agencies, departments, or officials acting in their official capacity are person(s) capable of being sued within the meaning of the United States Constitution 42 U.S.C. § 1983 and/or the New Jersey Constitution N.J.S.A. 10:6-2.

18.   Defendants did not violate any duty to Plaintiff.

19.   Insofar as claims asserted against the Defendants allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.  Failure to file a notice of claim pursuant to N.J.S.A. 59:8-8 precludes Plaintiff from asserting those claims.

20.   Defendants are not liable for acts taken in good faith in the enforcement of any law, pursuant to N.J.S.A. 59:3-3.

21.   Defendants are not liable for injuries resulting from discretionary activities, pursuant to N.J.S.A. 59:2-3.

22.   Defendants are not liable for their adoption of or failure to adopt any law, or by their failure to enforce any law, pursuant to the provisions of N.J.S.A. 59:3-5.

23. Any liability that might otherwise be imposed upon Defendants is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1.

24. Any liability that might otherwise be imposed upon Defendants is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

25. Any recovery to which Plaintiff may be entitled against Defendants pursuant to N.J.S.A. 59:1-1 et seq. is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

26. Defendants are subject to the immunities and the defenses provided by N.J.S.A. 59:2-1.

27. Any actions taken by Defendants were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2, and accordingly, no liability may be imposed upon Defendants.

28. Recovery may be barred in this action by reason of a prior judgment or settlement arising out of the same transaction, as set forth in N.J.S.A. 59:9-6.

29. This action is so lacking in fact-based merit as to warrant dismissal with prejudice.

30. The Complaint and the proceedings resulting therefrom and any recovery resulting therefrom are barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

31.   This suit is barred by laches.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or move for Summary Judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law.

### CROSS-CLAIM

Defendants, Town of Dover, New Jersey, Sergeant Michael Pier, Officer Robert Fenske and Officer Ilmi Bojkovic, by way of Cross-Claim for Indemnification and Contribution, demand common law and statutory indemnification and contribution from any potential and/or existing co-defendants, for any judgment or judgments that may be rendered against Defendants.

### JURY DEMAND

Defendants demand a trial by jury for all issues of fact.

### DEMAND FOR STATEMENT OF DAMAGES

Defendants demand a written statement of damages claimed by Plaintiff within five days hereof.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Roman B. Hirniak, Esq. is hereby designated as trial counsel on behalf of Defendants, Town of Dover, New Jersey, Sergeant Michael Pier, Officer Robert Fenske and Officer Ilmi Bojkovic.

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I hereby certify that, to the best of my knowledge, information and belief, this matter is not the subject of any other action or pending arbitration proceeding nor is any further action or arbitration proceeding contemplated. I further certify that I am not aware of any other parties who should be joined in this matter.

**KING, MOENCH, HIRNIAK & MEHTA, LLP**

By:      s/ Roman B. Hirniak
          Roman B. Hirniak, Esq.
          Attorney Id. No. 018221995
          51 Gibraltar Drive, Suite 2F
          Morris Plains, NJ 07950-1254
          973-998-6860
          973-998-6863 (facsimile)
          rbh@kmhmlawfirm.com
          Attorneys for Defendants, Town of
          Dover, New Jersey, Sergeant
          Michael Pier, Officer Robert
          Fenske and Officer Ilmi Bojkovic

Dated:  June 23, 2021

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed and served on this date, via ECF.

**KING, MOENCH, HIRNIAK & MEHTA, LLP**

By: ____s/ Roman B. Hirniak____
Roman B. Hirniak, Esq.
Attorney Id. No. 018221995
51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950-1254
973-998-6860
973-998-6863 (facsimile)
rbh@kmhmlawfirm.com
Attorneys for Defendants, Town of
Dover, New Jersey, Sergeant
Michael Pier, Officer Robert
Fenske and Officer Ilmi Bojkovic

Dated:  June 23, 2021