# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

NAIRUBY L. BECKLES
MARISSA BENAVIDES
DAVID BERMAN
NICK BOURLAND
SARA LUZ ESTELA
EMMA L. FREEMAN
ANDREW K. JONDAHL
SCOUT KATOVICH
NOEL R. LEÓN
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER

August 5, 2015

**Via ECF**

The Honorable Judge Evelyn Padin
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: *Luke v. Town of Dover, et al.*, No. 2:21-cv-11233 (EP) (MAH)

Dear Judge Padin:

  This firm, together with The Dwyer Law Firm, represents Plaintiff Cyprian Luke. We write on behalf of Plaintiff in response to the Court's July 22, 2022 Order directing the parties to file a joint letter providing a brief summary of the parties' claims and defenses and advising the Court of the status of discovery, any pending motions, settlement discussions (including whether the parties are interested in a settlement conference), and any other issues to be addressed. *See* ECF 26.

  **I.** **Summary of Claims and Defenses**

  Plaintiff filed his complaint on May 14, 2021. ECF 1. In Count One, Plaintiff alleges that Defendants Town of Dover and three police officers, Sergeant Michael Pier and Officers Robert Fenske and Ilmi Bojkovic, violated 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution by using excessive force against Plaintiff.[1] Count Two alleges state law claims for assault and battery. Count Three alleges that the officers failed to intervene to prevent one another from using excessive force against Plaintiff, in violation of 42 U.S.C. § 1983.

---

[1] Defendants Town of Dover, and Dover Police Officers Robert Fenske and Ilmi Bojkovic are represented by Peter King, Esq. of King, Moench & Collins, LLP. Defendant Sargeant Michael Pier is represented separately by Steven K. Parness, Esq. of Methfessel & Werbel, Esqs.

In the early morning hours of May 19, 2019, Plaintiff, then nineteen, was aggressively approached and assaulted by Sargent Pier as Plaintiff was walking with friends through a parking lot in Dover. Other Dover officers (Fenske and Bojkovic) also arrived on the scene and participated in Plaintiff's arrest. Plaintiff alleges that Pier grabbed him, tackled him to the ground, and punched him in the face four to five times. Plaintiff alleges that Pier kept shouting "stop resisting," as he continued to punch Plaintiff, even though Plaintiff was pinned to the ground and doing nothing to resist, bloodying Plaintiff's face, injuring his jaw, and causing a concussion. Plaintiff alleges that, in addition to punching Mr. Luke in the face and head multiple times, the defendant officers also pepper sprayed Mr. Luke in the face, kneed him in the stomach, and applied pressure to his throat, making it difficult for Mr. Luke to breathe. Plaintiff alleges that, because the officers could not justify taking Plaintiff to jail because of the beating, they called an ambulance instead. The events were captured on video.

Defendants' position is that Plaintiff had been indicted on third degree aggravated assault charges. Defendants allege that on May 19, 2019, while on patrol, Sgt. Pier drove to a Krauser's convenience store in Dover, on a report of a disturbance. Defendants allege that upon arrival, Sgt. Pier spotted approximately seven to ten individuals. Sgt. Pier identified Plaintiff, and told him he was under arrest. Plaintiff resisted and engaged Sgt. Pier and Officer Fenske in a physical struggle. Sgt. Pier stated that Plaintiff attempted to bite him, and that Officer Fenske pulled out his pepper spray, but did not use it. Defendants allege that the officers employed reasonable and necessary force to subdue Plaintiff, in light of continued resistance to arrest, and an attempt by Plaintiff to grab Sgt. Pier's revolver from his duty belt.

Plaintiff is currently confined at Greystone Park Psychiatric Hospital in Morris Plains, New Jersey.

**II.     Status of Discovery**

Following the last status conference, on June 30, 2022, before the Hon. Magistrate Judge Hammer, the Court ordered the parties to complete all written discovery by July 22. *See* ECF 22. Plaintiff and Defendants have exchanged interrogatories and document requests. Plaintiff and Defendant Pier have responded to the other parties' requests with responses and objections. Plaintiff has produced hundreds of pages of documents, including medical records. Defendants have not produced any documents in response to Plaintiff's requests.

Defendants Town of Dover, Fenske, and Bojkovic have not responded to Plaintiff's discovery requests. Plaintiff sent counsel for Defendants a letter on July 26, requesting a response to Plaintiff's discovery requests and stating Plaintiff's position that Defendants Town of Dover, Fenske, and Bojkovic have now waived any and all objections to Plaintiff's requests. Defendants have recently advised Plaintiff that Defendants Town of Dover, Fenske, and Bojkovic intend to respond to Plaintiff's discovery requests on August 9, 2022.

There have been no discovery motions in this case to date. No depositions have been scheduled or taken to date, as the parties were attempting to reach a settlement prior to engaging in further discovery. Each party anticipates retaining police experts. At the last status conference,

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

Magistrate Hammer ordered that all fact discovery be completed by November 25, 2022. Affirmative expert reports are due by December 31, 2022, and responsive expert reports are due by February 10, 2023.

### III.    Settlement Negotiations

The parties have engaged in settlement discussions. Plaintiff made an initial settlement demand which was rejected by Defendants. Defendants made a counter settlement proposal which was rejected by Plaintiff. The parties concur that settlement would be in the interests of all parties and remain optimistic that a settlement can ultimately be reached. Judge Hammer agreed to conduct a settlement conference with the parties on October 28, 2022. Settlement statements of five pages or less are due on October 21.

Respectfully,

/s
Vivake Prasad

*Attorney for Plaintiff*

c. All counsel of record, via ECF.